Joel F. Newell – State Bar No. 025296
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777
Atty. Email: j.newell@cplawfirm.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>BARETT J. HUFFMYER, D/B/A DCB FAMILY, LLC, F/D/B/A/ PROVISION SURGICAL AND CAMERON V. HUFFMYER,<br><br>Debtors<br><br>ST. MICHAEL'S CENTER FOR SPECIAL SURGERY-PHOENIX, LLC, an Arizona limited liability company, and SURGEON'S MANAGEMENT, INC., a Texas Corporation<br><br>v.<br><br>BARETT J. HUFFMYER, D/B/A DCB FAMILY, LLC, F/D/B/A/ PROVISION SURGICAL AND CAMERON V. HUFFMYER,<br><br>Defendants. | No. 2:09-bk-16419-RTB<br><br>Adv. No. 2:09-ap-_____<br><br>CHAPTER 7<br><br>COMPLAINT<br><br>(11 U.S.C. §§ 523(a)(2) and (4)) |

ST. MICHAEL'S CENTER FOR SPECIAL SURGERY-PHOENIX, LLC and SURGEON'S MANAGEMENT, INC., creditor and Plaintiff herein, by and through its attorneys undersigned for its Complaint against the above-named Defendants, respectfully alleges as follows:

**GENERAL ALLEGATION**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding arises in and is related to the proceeding

commenced by BARETT J. HUFFMYER and CAMERON V. HUFFMYER, under Chapter 7 of the United States Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. This case was commenced by a voluntary petition filed by BARRETT J. HUFFMYER and CAMERON V. HUFFMYER, (hereinafter "Debtors" or "Defendants") under Chapter 7 of Title 11, United States Code, on July 15, 2009 ("Petition Date").

3. Mr. David A. Birdsell was duly appointed as the acting Trustee of the Chapter 7 Estate.

4. Plaintiff is listed as a creditor on Debtor's Schedule F in the amount of $200,000.00.

5. On information and belief, the Defendants are residents of the State of Arizona.

6. On further information and belief, the Defendants are husband and wife.

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. On or about May 21, 2007, Plaintiff entered into an Operating Agreement with Defendant, PROVISION SURGICAL, L.L.C. for the purpose of constructing and operating an ambulatory surgery center known as St. Michael's Center for Special Surgery-Arizona, L.L.C. a copy of the Operating Agreement is attached hereto as Exhibit "A".

9. Pursuant to the Operating Agreement, the ambulatory surgery center was to be completed within eighteen (18) months from the execution of the same.

10. Surgeons Management, Inc. provided Defendants with a $200,000.00 check, which was intended to be used to secure a working capital note for the surgery center attached as Exhibit "B."

## FIRST CAUSE OF ACTION – FRAUD

(11 U.S.C. §§ 523(a)(2) and (4))

11. Plaintiff reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

12. In order to induce Plaintiffs to enter into the Operating agreement, Defendants made numerous factual representations to Plaintiffs regarding the completion date of the ambulatory center; a working capital note; and the duties set forth in the Operating Agreement.

13. Defendants' factual representations were material to the Operating Agreement and Plaintiffs' decision to enter into the same.

14. Plaintiffs were unaware that Defendants' factual representations were false when made.

15. Plaintiffs reasonably relied upon Defendants' factual representations in entering into the Operating Agreement and providing $200,000.00.

16. Upon information and belief, Defendants knew or should have known at the time that the representations were made, that they were false.

17. Upon information and belief, Defendants intentionally concealed and failed to disclose to Plaintiffs the true use of the $200,000.00, the date of completion and lack of capital sources.

18. Defendants' acts were done in gross, wanton, intentional and reckless disregard of Plaintiffs' rights, and were done with an "evil mind" and "guided by an evil heart" for the purpose of personally benefiting Defendants.

19. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiffs have been damaged in the amount of $2,750,000.00, plus interest, court costs and attorney fees.

20. As a direct and proximate result of Defendants' fraudulent conduct, punitive and exemplary damages should be assessed against Defendants in such

amount is necessary to punish them to insure that they and others do not engage in such conduct in the future.

WHEREFORE, Plaintiffs respectfully move this Court for judgment against the Defendants as follows:

  A. For an Order that Plaintiffs' indebtedness in the amount of $2,750,000.00 is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (4)

  B. For interest at the highest rate allowed by law from the date of this Complaint until paid;

  C. Plaintiff's reasonable attorneys' fees and costs and in the minimum amount of Five Hundred ($500.00) Dollars in the event a default judgment is obtained;

  D. For punitive and exemplary damages; and

  E. For such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION – CONVERSION

(11 U.S.C. § 523(a)(4))

21. Plaintiff reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

22. Plaintiffs' have a legal right to the $200,000.00 contributed.

23. Defendants wrongfully disposed of proceeds in which Plaintiff had the right and control of.

24. Defendants did not utilize the funds to secure working capital.

25. Defendants have not returned the funds and have apparently been used by the Defendants for reasons other than the intended purpose.

26. As a result of Defendant's representations, Plaintiffs suffered damages.

- 4 -

WHEREFORE, Plaintiffs respectfully move this Court for judgment against the Defendants as follows:

  F. For an Order that Plaintiffs' indebtedness in the amount of $200,000.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4)

  G. For interest at the highest rate allowed by law from the date of this Complaint until paid;

  H. Plaintiff's reasonable attorneys' fees and costs and in the minimum amount of Five Hundred ($500.00) Dollars in the event a default judgment is obtained; and

  I. For such other and further relief as this Court deems just and proper.

DATED October 19, 2009.

            CARMICHAEL & POWELL, P.C.

            By: /s/ JOEL F. NEWELL (#25296)
               Joel F. Newell
               7301 North 16th Street, Suite 103
               Phoenix, Arizona 85020

Case 2:09-ap-01360-RTB Doc 1 Filed 10/19/09 Entered 10/19/09 16:48:34 Desc
Main Document Page 5 of 5